**YAN BIN LIN, Petitioner,**

v.

**US ATTORNEY GENERAL,
Respondent.**

No. 05–1655–ag.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2006.

Gang Zhao, New York, NY, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 10, 2006, due date specified in the scheduling order issued April 11, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Yan Bin Lin (A77 354 605), a citizen of China, appeals from the BIA's order af-

firming Immigration Judge ("IJ") Helen Sichel's order denying her application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 In order to demonstrate that she has a well-founded fear of future persecution, Lin was required to establish an objective element of her claim "through presentation of reliable, specific, objective supporting evidence." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (internal quotation marks omitted). The IJ did not err in determining that Lin failed to meet her burden of proof because Lin's testimony concerning her local government's policy of mandatory gynecological examinations was "extremely vague and unpersuasive" and she did not submit any objective evidence of the policy. The IJ also noted that Lin did not have an adequate explanation for why she failed to submit copies of the three exam notices sent to her home. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (holding lack of corroborative evidence can be sole basis for denial of claim where IJ identifies particular pieces of missing, rele-

vant documentation and shows that the documentation was reasonably available to petitioner); *Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000) (same).

Lin has not challenged the IJ's denial of her claims for withholding of removal or CAT relief in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Lin's pending motion for a stay of removal in this petition is DENIED as moot. Lin's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).